CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 23 2016

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 3:16CR00022 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| TERENCE TYREE, ) | |
| KENTAVIA JONES, ) | By: Hon. Glen E. Conrad |
| DEMETRIUS STEPPE, ) | Chief United States District Judge |
| JAQUARIUS JOHNSON, and ) | |
| ISAIAH WILSON, ) | |
| ) | |
| Defendants. ) | |

Terence Tyree, Kentavia Jones, Demetrius Steppe, Jaquarius Johnson, and Isaiah Wilson have collectively moved to dismiss Counts Eight and Nine of the superseding indictment. For the reasons set forth below, the motions will be denied.

## Background

On October 12, 2016, the defendants were charged in a nine-count superseding indictment returned by a grand jury in the Western District of Virginia. Counts Eight and Nine charge violations of 18 U.S.C. § 924(c), which imposes a mandatory consecutive sentence on anyone who uses or carries a firearm during and in relation to a crime of violence. The underlying crimes of violence charged in the superseding indictment include six counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts One, Two, Three, Four, Five, and Seven); and one count of carjacking, in violation of 18 U.S.C. § 2119 (Count Six).[1]

---

[1] Hobbs Act robbery is the underlying crime of violence for Count Eight; carjacking and Hobbs Act robbery are presented as the underlying crimes of violence for Count Nine. Defendant Wilson filed a motion to dismiss Count Eight, which the other defendants join. Defendant Steppe moves to dismiss Count Nine, arguing that he is not charged with carjacking, only Hobbs Act robbery. Each defendant asserts that Hobbs Act robbery cannot be a predicate crime of violence. Defendants Tyree, Jones, and Johnson are charged with carjacking, in addition to Hobbs Act robbery. At the hearing, the court understood that the other defendants joined in Steppe's motion to dismiss Count Nine, to the extent that Hobbs Act robbery is the underlying crime. The court does not construe the

Terence Tyree, Kentavia Jones, Demetrius Steppe, Jaquarius Johnson, and Isaiah Wilson have collectively moved to dismiss the § 924(c) counts set forth above, arguing that Hobbs Act robbery does not qualify as an underlying crime of violence. The court held a hearing on the motions on December 16, 2016. The motions have been fully briefed and are ripe for review.

## Discussion

To sustain a conviction under 18 U.S.C. § 924(c), the government must prove that the defendants (1) used or carried a firearm, and (2) that they did so during and in relation to a "crime of violence." See United States v. Fuertes, 805 F.3d 485, 497 (4th Cir. 2015). Section 924(c)(3) defines a "crime of violence" as a felony offense:

> (A)    [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) of § 924(c)(3) is commonly referred to as the "force clause" and subsection (B) is commonly referred to as the "residual clause." Fuertes, 805 F.3d at 498.

In the instant matter, defendants challenge whether a Hobbs Act robbery can be a crime of violence. A Hobbs Act robbery is defined as follows:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce…by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more $100,000 or imprisoned not more than twenty years, or both.
>
> (b) As used in this section—
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another,

---

defendants' motion to dismiss as arguing that carjacking is not a predicate crime of violence, and will not address that issue.

2

> against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951. The question before the court is whether the use of "force" sufficient to commit a Hobbs Act robbery is coextensive with the concept of "force" in § 924(c)(3)(A) or § 924(c)(3)(B). If it is, then Hobbs Act robbery is a qualifying "crime of violence." In moving to dismiss Counts Eight and Nine, the defendants argue that Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A), the force clause, and that § 924(c)(3)(B), the residual clause, must be deemed unconstitutionally vague in light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551, 2557 (2015). In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. Id.

In making their arguments, the defendants urge the court to employ a categorical approach in determining whether Hobbs Act robbery is a crime of violence for purposes of § 924(c)(3)(A). Under this approach, the court looks "'only to the statutory definitions' – i.e., the elements – of a defendant's [offense] and 'not to the particular facts underlying [the offense].'" Descamps v. United States, 133 S. Ct. 2276, 2283 (2013) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)). In determining whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a crime of violence, the court does not exercise its "legal imagination." Moncrieffe v. Holder, 133 S. Ct. 1678, 1684-85 (2013). Instead, there must be a "realistic probability, not a theoretical possibility" that the government would actually punish that minimum conduct. Id. "To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other

3

cases in which the [] courts in fact did apply the statute in the special (nongeneric) manner for which he argues." Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007).

Although the government does not object to the use of a categorical analysis in evaluating the § 924(c)(3) charges at issue, several courts from other districts, including the Eastern District of Virginia, have recently questioned the propriety of utilizing the categorical approach outside of sentencing and in the context of a pretrial motion to dismiss. See, e.g., United States v. McDaniels, 147 F. Supp. 3d 427, 432 (E.D. Va. 2015) (emphasizing that "it would make no sense to apply the categorical approach to a pre-trial motion to dismiss an indictment because the practical considerations that gave rise to the categorical approach in the sentencing context are not present"); United States v. Standberry, 139 F. Supp. 3d 734, 736 (E.D. Va. 2015) (questioning the "value and utility [of the categorical approach] in the present context where the violent nature of the alleged robberies is readily apparent from the face of the Superseding Indictment"). While this court also has reservations as to whether a categorical analysis must be undertaken in the pretrial context, the Fourth Circuit has recently employed such an approach in a context outside of sentencing. See Fuertes, 805 F.3d at 498. The court will therefore use the categorical approach in determining whether a Hobbs Act robbery qualifies as a predicate crime of violence.

While the defendants recognize that the court has previously rejected at least one claim that Hobbs Act robbery does not qualify as a crime of violence under § 924(c), they nevertheless ask the court to consider the argument that Hobbs Act robbery can be committed with a de minimus amount of force. See United States v. Mathis, No. 3:14-CR-00016, at *8 (W.D. Va. Jan. 25, 2016) (denying defendants' motions to dismiss several § 924(c) counts). In Johnson v. United States, the United States Supreme Court interpreted "physical force," as appearing in

4

§ 924(e)(2)(B)(i), the ACCA's force clause, to mean "violent force—that is, force capable of causing physical pain or injury." 559 U.S. 133, 140 (2010). Although Johnson involved construction of the term "violent felony" in the ACCA, and while the Fourth Circuit has not addressed whether the same definition applies to § 924(c)(3), for purposes of this motion, the court believes it to be reasonable to apply Johnson's definition of "physical force" to § 924(c)(3)(A). See Standberry, 139 F. Supp. 3d at 741(noting how "Section 924(c)(3)(A)...substantially tracks the language of subsection (i) of the Armed Career Criminal Act's definition of a crime of violence"). As such, the defendants urge the court to hold that a Hobbs Act robbery falls outside the Johnson definition of physical force, that is, "force capable of causing physical pain or injury." Johnson, 559 U.S. at 140.

In support of their position that Hobbs Act robbery can be committed with de minimus force, and therefore cannot qualify as a "crime of violence" under the Johnson definition of force, defendants rely upon Hobbs Act robbery's common law roots. Specifically, defendants argue that, in enacting the Hobbs Act, Congress intended to rely upon New York common law robbery. See e.g., United States v. Aguon, 851 F.2d 1158, 1164 (9th Cir. 1988) ("Congressman Hobbs said explicitly that the definitions of robbery and extortion were modeled on the New York Penal Code."). When Congress enacted the Hobbs Act, an individual could commit a New York robbery with only a de minimus amount of force, so long as the purpose of the force was to obtain or retain possession of the property or to prevent or overcome resistance. N.Y. Penal Law §§ 2121, 2122 (1946) (defining, at the time the Hobbs Act was enacted, the force needed to commit robbery in New York). The court finds this argument unavailing.

Defendants have failed to make prosecution of the most innocent conduct a "realistic probability" rather than an invention of "legal imagination." Moncrieffe, 133 S. Ct. at 1684-85.

5

For example, defendants have not provided a single case in which a Hobbs Act robbery conviction was predicated on de minimus force. The court recognizes that defendants have cited to several common-law robbery cases in which a defendant was prosecuted for de minimus force, and a case in which the Seventh Circuit upheld a conviction for robbery under 18 U.S.C. § 2114 despite the amount of force being minimal. However, without any authority on point, the court is bereft to hold that because some common law and federal robbery offenses can be committed with de minimus force, it follows that Hobbs Act robbery is the same. This is especially true in light of the growing "chorus" of courts finding otherwise. See e.g., United States v. Clarke, 171 F. Supp. 3d 449, 452-57 (D. Md. 2016) ("[T]his Court joins in the rising chorus and declares that Hobbs Act robbery is a crime of violence within the meaning of the Force Clause."); Brown v. United States, 163 F. Supp. 3d 315, 316 (E.D. Va. 2016) ("This court has consistently found that Hobbs Act robbery is a 'crime of violence' under the force clause.") (collecting cases from the Eastern District); Harkum v. United States, No. 1:03-CR-47, 2016 WL 5137417, at *3 (N.D.W. Va. Sept. 21, 2016) (agreeing with the Second Circuit's decision that a Hobbs Act robbery is a crime of violence under the force clause) (citing United States v. Hill --- F.3d ---, 2016 WL 4120667, at *4 (2d Cir. 2016)); Bernal v. United States, No. 1:14CR23-2, 2016 WL 4446152, at *1 (M.D.N.C. July 18, 2016) (citing to Eastern District cases, finding that Hobbs Act robbery qualified as a crime of violence under the force clause); United States v. Collins, No. 1:14-CR-302, 2016 WL 1639960, at *28 (N.D. Ga. Feb. 9, 2016) ("As an initial matter, the Court has not been directed to any case, and the Court's independent research has disclosed none, that has found that a substantive Hobbs Act robbery…is not a predicate crime for purposes of § 924(c).").

The defendants next argue that a Hobbs Act robbery cannot be a predicate crime because one can commit a Hobbs Act robbery through placing another in fear of injury to property, including intangible property. To bolster their argument, defendants rely upon hypothetical factual situations and claim that property can be harmed with no force at all. However, this argument suffers from the same malady as their previous one: defendants have failed to provide cases in which their hypothetical scenarios resulted in prosecution for a Hobbs Act robbery. See Gonzales, 549 U.S. at 193 ("To show that realistic probability, an offender…must at least point to…cases in which the [] courts in fact did apply the statute or the special (nongeneric) manner for which he argues."); cf. United States v. Iozzi, 420 F.3d 512, 514 (4th Cir. 1970) ("Consequently, we hold that obtaining money through fear of economic injury <u>induced by threats of force</u> constitutes extortion under [the Hobbs] Act.") (emphasis added).

Moreover, to the extent defendants allege that the Hobbs Act contemplates a broader definition of property, one that includes intangible property where § 924(c)(3)(A) does not, such contention is not supported by the plain language of either 18 U.S.C. § 1951 or 18 U.S.C. § 924(c)(3)(A). Both statutes speak in terms of actual or threatened force against "property" without further defining that term. Compare 18 U.S.C. § 924(c)(3)(A) (defining a "crime of violence" as having "as an element the use, attempted use, or threatened use of physical force against…property of another") with 18 U.S.C. § 1951 (defining "robbery" as a taking "by means of actual or threatened force, or violence, or fear of injury to his…property"); see also United States v. McCallister, No. 15-0171, 2016 WL 3072237, at *8 (D.D.C. May 31, 2016) ("Neither the force clause in section 924(c)(3)(A) nor the Hobbs Act distinguishes between tangible and intangible property."). "[T]o the extent that [the defendants] attempt[] to minimize the level of force one can apply to property and still be found guilty of Hobbs Act robbery, there would be

7

Case 3:16-cr-00022-GEC Document 119 Filed 12/23/16 Page 7 of 9 Pageid#: 231

no reason not to apply the same [expansive understanding of property] to both statutes." See United States v. Hancock, 168 F. Supp. 3d 817, 822 (D. Md. 2016) (rejecting the argument that the mere possibility that a Hobbs Act robbery could be committed by causing fear of injury to intangible property precludes it from qualifying as a crime of violence under § 924(c)(3)(A)); see also Clarke, 171 F. Supp. 3d at 454 (observing that "if it is possible to commit Hobbs Act robbery by threatening harm to intangible property (a dubious proposition…), it is presumably also possible to commit a crime of violence by threatening harm to such property"). Thus, the court concludes that the word "property" means the same in the force clause of § 924(c)(3) as it does in the context of a Hobbs Act robbery. Accordingly, the use of "actual or threatened force…to…property," as required by the Hobbs Act, satisfies the definition of a crime of violence: a felony offense that "has an element the use, attempted use, or threatened use of physical force against…property." 18 U.S.C. § 1951; 18 U.S.C. 924(c)(3)(A).

In their final argument, defendants assert that one can cause fear of injury to person or property without the use, attempted use, or threatened use of force as required by § 924(c)(3)(A). The defendants' position in this regard is based primarily on the United States Court of Appeals for the Fourth Circuit's decision in United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012). However, the court continues to question the validity of the reasoning in Torres-Miguel after the Supreme Court's decision in United States v. Castleman, 134 S. Ct. 1405 (2014). See Mathis, No. 3:14-CR-00016, Dkt. No. 648, at 6 (W.D. Va. Jan. 25, 2016) ("The problem with the defendants' reliance on Torres-Miguel is that its reasoning was implicitly rejected by the Supreme Court [in Castleman]."). The issue has been examined at length by other courts in the Fourth Circuit, including the Eastern District of Virginia. See e.g., United States v. McDaniels, 147 F. Supp. 3d 427, 433-34 (E.D. Va. 2015) ("Defendant's argument [that a Hobbs Act robbery

8

is not a crime of violence because it can be committed by simply placing another in fear of injury] fails because the Supreme Court rejected the rationale of Torres-Miguel....'The use of force...is not the act of sprinkling the poison,' but 'the act of employing poison knowingly as a device to cause physical harm.'") (quoting Castleman, 134 S. Ct. at 1415); United States v. Taylor, --- F. Supp. 3d ---, 2016 WL 4718948, at *12 (E.D. Va. Sept. 8, 2016). The court sees no reason to deviate from the conclusion, that, "in the Hobbs Act robbery context, even 'fear of injury' stemming from a threat of indirect physical force constitutes a crime of violence." United States v. Walker, No. 3:15CR00049, 2016 WL 153088, at *6 (E.D. Va. Jan. 12, 2016). In sum, the court believes, along with a growing number of other courts, that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)'s force clause. Accordingly, defendants' motion to dismiss will be denied.[2]

## Conclusion

For the reasons stated, the defendants' motions seeking to dismiss Counts Eight and Nine of the superseding indictment will be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 23rd day of December, 2016.

_____
Chief United States District Judge

---

[2] The defendants argue that the residual clause must be deemed unconstitutionally vague in light of the Supreme Court's 2015 Johnson decision, in which the Supreme Court struck down a similar provision of the ACCA. In light of the court's decision that Hobbs Act robbery qualifies as crimes of violence under the force clause of § 924(c)(3), the court finds it unnecessary to address the defendants' challenge to the constitutionality of the residual clause. See Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 347 (1936) (Brandies, J., concurring) ("It is not the habit of the Court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.") (internal citation and quotation marks omitted).