# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:16-cr-00022 |
| v. | <u>MEMORANDUM OPINION</u> |
| TERENCE TYREE, *et al.*, *Defendants.* | JUDGE NORMAN K. MOON |

Defendants Kentavia Jones and Terence Tyree have filed motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by section 603(b) of the First Step Act of 2018, seeking reductions in their 2017 sentences. Dkts. 334, 335. Following an individualized assessment of each defendant's sentence, the Court finds "extraordinary and compelling reasons" for reduction within the meaning of the statute. Moreover, because the Court concludes that the § 3553(a) factors further weigh in favor of reductions, the motions will be granted.

**I**

Before Congress passed the First Step Act in 2018, a defendant charged with two or more counts of possessing a firearm during and in relation to a crime of violence was subject to a mandatory minimum of five years' incarceration (more if the firearm was brandished or discharged) on the first count and 25 consecutive years on each additional count. This practice, referred to as sentence "stacking," was criticized for its often-draconian consequences. *See United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020) (noting the "sheer and unusual length of sentences" resulting from § 924(c) "stacking," which "were about twice as long as federal sentences imposed today for murder."). The First Step Act revised 18 U.S.C. § 924(c)(1)(C) so

that the higher penalty for a "second or subsequent count of conviction" under § 924(c) would be triggered only by defendants with prior § 924(c) convictions that had already become final. As a result, the 25-year mandatory minimum is now statutorily "reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution." *United States v. Jordon*, 952 F.3d 160, 171 (4th Cir. 2020).

In July of 2017, just 17 months before the passage of the First Step Act, Jones and Tyree were sentenced to terms of 225 months and 360 months, respectively, on identical "stacked" § 924(c) firearm offenses. The counts arose from a series of armed robberies in the District. Dkt. 222, Tyree's Presentence Investigation Report ("Tyree's PSR"), ¶¶ 10–15; Dkt. 223, Jones' Presentence Investigation Report ("Jones' PSR"), ¶¶ 10–14. Jones was spared the mandatory minimum 30-year sentence due to a substantial assistance motion. *See* Dkt. 189. Even still, Jones' sentence is nearly twice what it would be if imposed today. And Tyree's three times, or 20 years, longer.[1]

The First Step Act did not authorize resentencing of individuals like Jones and Tyree to account for its repudiation of § 924(c) "stacking." *Jordan*, 952 F.3d at 174. Instead, the defendants urge the Court to use its discretionary authority under another of the First Step Act's reforms.

In addition to its elimination of § 924(c) "stacking," the First Step Act significantly expanded access to compassionate release under 18 U.S.C. § 3582(c)(1)(A). The amended statute

---

[1] The guideline sentence would be the minimum term of imprisonment required by statute. U.S.S.G. § 2K2.4(b). Which today is five consecutive years on each count. 18 U.S.C. § 924(c)(1)(A)(i). (Neither Tyree nor Jones plead guilty to the aggravating elements of brandishing or discharging, Dkt. 129 Jones' Plea Agreement; Dkt 140, Tyree's Plea Agreement, which would have resulted in higher statutory minimums. § 924(c)(1)(A)(i)–(ii)).

authorizes courts, after considering the factors set forth in 18 U.S.C. § 3553(a), to reduce a sentence on a defendant's motion for "extraordinary and compelling reasons."[2]

The Fourth Circuit has sanctioned use of the recently amended § 3582(c)(1)(A) to reduce the sentences of defendants who "rest[ed] their case for 'extraordinary and compelling reasons' primarily on the length of their § 924(c) sentences and the disparity between their sentences and those that Congress deemed appropriate in the First Step Act." *McCoy*, 981 F.3d at 274. In fact, this Court has already used the new statutory authority to reduce the "stacked" § 924(c) sentence of one of Jones' and Tyree's co-defendants.[3] Dkt. 328. Like Jones, Demetrius Steppe benefited from a substantial assistance motion and thus avoided the mandatory 30-year sentence on his two § 924(c) counts. Dkt. 190. But he was still sentenced to 15 years incarceration. Dkt. 226. In reducing Steppe's term to 10 years, Judge Conrad principally relied on *McCoy*'s holding with respect to old, stacked § 924(c) sentences. *See* Dkt. 328 at 3. But consistent with *McCoy's* emphasis on individualized assessments, he also specifically noted Steppe's "limited prison disciplinary record" and efforts to rehabilitate himself while incarcerated. *Id.* at 6. He also noted the countervailing "serious" nature of Steppe's offense, which involved three separate armed robberies. *Id.*

---

[2] The statute also provides that "such a reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). But since "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants . . . district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020).

[3] The Government argues here, as it did in response to Steppe's successful motion for compassionate release, that Jones and Tyree cannot show a sentencing disparity between their sentences and those Congress deemed appropriate in the First Step Act because the Government would have pursued more or enhanced charges under today's law. Dkt. 339 at 8–10. In rejecting this argument, Judge Conrad noted the "repeated rejected attempts by the government to argue it would have chosen a different prosecutorial strategy had different law governed at the time." Dkt. 328 (citing cases).

## II

While *McCoy* confirmed that it is "permissible" for district courts to treat "as 'extraordinary and compelling reasons' for compassionate release the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act," it also "emphasize[d]" that such a conclusion should be the "product of individualized assessments of each defendant's sentence" bearing "on full consideration of the defendants' individual circumstances." 981 F.3d at 286. It is this individualized assessment that distinguishes "safety valve" mechanisms like the compassionate release statute from retroactive changes in law that would require "automatic vacatur and resentencing of an entire class of sentences" as well as provisions, like § 404(b) of the First Step Act, that automatically render eligible a class of individuals for discretionary sentencing reduction. *Id*.

Consistent with these principles, the Court engages in an individualized assessment of each defendant's situation—guided, as statutorily instructed, by the 18 U.S.C. § 3553(a) factors. But for both Jones and Tyree, the Court's finding of "extraordinary and compelling reasons" for a sentence reduction primarily rests on the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act.

## Kentavia Jones

To recap, Jones was sentenced to 225 months imprisonment on two "stacked" § 924(c) counts, avoiding the mandatory minimum 30-year sentence with the benefit of a substantial assistance motion. If he were being sentenced for the first time today under the new rules for § 924(c) enhancements, his guideline sentence would be 120 months.

18 U.S.C. § 3553(a) instructs courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" by the statute. The first of the § 3553(a) factors is "the nature and circumstances of the offense and the history and characteristics of the defendant[.]" Before being dismissed in accordance with Jones' plea deal, Jones faced charges for four Hobbs Act robberies and a violent carjacking in addition to the § 924(c) counts he ultimately pled to. Dkt. 65, Jones' Superseding Indictment. *See also* Jones' PSR ¶¶ 10–14. Furthermore, one § 924(c) count originally charged Jones and other defendants with brandishing, not just carrying, a firearm in relation to a drug trafficking crime. *Id*.

The seriousness of Jones' conduct cannot be ignored. The second set of § 3553(a) factors require district courts to impose a sentence that "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense;" "afford[s] adequate deterrence to criminal conduct;" and, "protect[s] the public from further crimes of the defendant[.]" These factors call for a substantial term of incarceration.

But other factors suggest that a two-decades-long sentence is "greater than necessary, to comply with the purposes set forth" by Congress. The defendant's youth at the time of the offense is especially notable. *See McCoy*, 981 F.3d at 286 (noting approvingly that "in determining that release was appropriate for all of the defendants," the district courts relied on "full consideration of the defendants' individual circumstances[,]" including "defendants'

relative youth—from 19 to 24 years old—at the time of their offenses, a factor that many courts have found relevant under § 3582(c)(1)(A)(i)."). Jones was only 18 years old at the time of the offense. Even the Government agrees: "Jones' age at the time of the offense and minimal criminal history may merit a reduced sentence." Dkt. 339. The Court also weighs substantially the significant childhood trauma Jones' reflected in his Presentence Investigation Report. PSR ¶¶ 29, 35.

Additionally, the Court notes that Jones has signalled rehabilitation while incarcerated. Jones has taken courses in employability, the arts, and victim impact. Dkt. 334, Ex. 3. He also completed the Turning Point program. Dkt. 334, Ex. 4. And he recently began vocational training in carpentry. Dkt. 334, p. 10. Finally, the Court finds significant the expressions of support from Jones' adoptive family and their commitment to helping him get on his feet once he is released. *Id*. at 12.

Another § 3553(a) factor is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" As already noted, Steppe, Jones' co-defendant, received a reduction from 15 years to 120 months under virtually identical circumstances. While the "focus" of this factor is national disparities, since "co-defendants have no enforceable right to have sentences that are precisely congruent with one another", *United States v. Clark*, 774 Fed. App'x. 783, 787 (4th Cir. 2019) (quoting *United States v. Quinn*, 359 F.3d 666, 682 (4th Cir. 2004)), the Court nevertheless finds that Steppe's relief is a relevant supporting consideration.

The Court finds that there should be a sentence reduction and that the sentence sufficient but not more than necessary to achieve Congress' sentencing goals as laid out in § 3553(a)(2) is 120 months, consisting of 60 months on Count Eight and 60 consecutive months on Count Nine.

## Terence Tyree

Tyree was sentenced to 360 months imprisonment on his two stacked § 924(c) convictions. He did not benefit from a substantial assistance motion. If sentenced for the first time today, his guideline sentence would be 120 months.

Tyree was with Jones during each of the robberies, in addition to a robbery Jones was not present for. Tyree's PSR ¶¶ 10–15. On one occasion Tyree shot his firearm into the air. *Id.* at ¶ 14. Tyree was also the driver during the carjacking. *Id.* at ¶ 15.

On the other hand, Tyree was also only 18 years old at the time of the offense. He also had a minimal criminal history before this incident, and he also suffered a difficult childhood, including significant struggles with mental health and substance abuse. *See* Tyree's PSR at ¶¶ 28–35. While the evidence shows fewer indicia of rehabilitative efforts than was offered by Jones and Steppe, neither does the record reveal a serious prison disciplinary record or other countervailing evidence. And the Court considers significant that Tyree's family is ready and eager to support him upon his release, including by way of housing and a job in the family business. Dkt. 342.

Thus, the Court finds that there should be a sentence reduction and that the sentence sufficient but not more than necessary to achieve Congress' sentencing goals as laid out in § 3553(a)(2) is 180 months, consisting of 60 months on Count Eight and 120 consecutive months on Count Nine. The disparity between Tyree's reduction and those of Jones and Steppe reflect the fact that Tyree did not benefit from a substantial assistance motion and that Tyree has offered comparatively little evidence of rehabilitation by way of prison programming.

****

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this  11th  day of February 2022.

                                                                                                                                                                                                                                                                                                        */s/ Norman K. Moon*
                                                                       NORMAN K. MOON
                                                                  UNITED STATES DISTRICT JUDGE